IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Richard Louis Retherford** | ) | Case No. 09-01996-M |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | | |
| **Ervin D. "Bud" Raus, Barbara A. Summa,** | ) | |
| **Ricky J. Raus, f/k/a/ Ricky J. Cartwright,** | ) | |
| **and  Atlas Telephone Company, Inc**., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| **Richard Louis Retherford,** | ) | |
| | ) | |
| Defendant. | ) | |

### ADVERSARY COMPLAINT

Ervin D. "Bud" Raus ("*Bud*"), Barbara A. Summa ("*BAS*"), Ricky J. Cartwright ("*RJR*"), and Atlas Telephone Company, Inc. ("*Atlas*"), Plaintiffs herein, for their complaint for exception to discharge of the Debtor, Richard Louis Retherford, ("*Retherford*") allege and state that:

### Statement Of Jurisdiction

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

2.  This is a core proceeding for exception to discharge under § 523(a)(2)(A), (4) and (a)(6).

### Statement Of Facts

3.  In 2001, Atlas and its principals, Ervin D. "Bud" Raus ("*Bud*"), Barbara A. Summa ("*BAS*"), Ricky J. Raus, f/k/a Ricky Cartwright ("*RJR*") (*Bud, BAS* and *RJR*

are collectively referred to as "*Raus*") ("*Atlas*" and "*Raus*" are collectively referred to as the "*Plaintiffs*") were referred by their long time accountants Sutton, Robinson, Freeman ("*SRF*") to Retherford for estate planning advice. At this time, Retherford was working for or with SRF. SRF advised Raus that given the size and complexity of their business affairs, coupled with the advanced age of Bud that they needed a lot of estate planning work and that Retherford, who worked for SFR, was highly qualified to do such work. Retherford represented to Plaintiffs that he was a Certified Public Accountant, an attorney, and that he possessed specialized knowledge of the law relating to tax, estate planning and drafting of legal documents to implement complex estate plans. The records of the Oklahoma Bar Association do not list Retherford as a member of the Oklahoma Bar. Upon information and belief, Retherford does not hold a license to practice law in any state. Based upon the many representations of Retherford and SFR Plaintiffs believed that Retherford was competent to devise an overall strategy for their estate plan as well as prepare the necessary documents to implement such a plan. Based upon such belief, Plaintiffs placed complete trust and confidence in Retherford.

4. At the time of their consultation with Retherford, the Raus family held 93% of the issued and outstanding common stock of Atlas. Retherford recommended that Plaintiffs set up a complex series of entities to hold the ownership of Atlas. The series of entities, the associated transactions and transferors, and the ancillary documents are referred to as the "*Plan*".

5. Retherford strongly recommended and indeed, insisted that he be the sole Trustee of the Oak Creek Trust. The Plaintiffs suggested various family members to serve in these roles, but were advised by Retherford that no one but him could serve as

2

trustee because such would be "illegal". Retherford represented to Raus that BAS and RJR would be on the board of directors of Oak Creek Holdings, and officers, and the documents drafted by Retherford were presented to BAS and RJR showing them to be Officers and Directors of OC Holdings. In reality, Retherford was the sole officer and director of Oak Creek Holdings. The net result of the various entities set up by Retherford vested complete control of Atlas in Retherford.

6. Retherford also formed ATC Capital, LLC to hold RJR's Atlas Stock. Retherford told RJR that she was the sole member and manager of ATC Capital, LLC. However, contrary to his representations to RJR, Retherford appointed himself as manager and owner but concealed this information from RJR until after Plaintiffs took action to remove him in July, 2006.

7. Retherford represented to Plaintiffs that they were managers and owners of B-Bar Cattle & Livestock, LLC, Grand Air Aviation, LLC, and Mustang Leasing, LLC. It appears that Retherford made himself manager of these companies without the knowledge or consent of the Plaintiffs and concealed this information from Raus.

8. Retherford was paid over $200,000.00 in purported professional fees and thereafter, was paid over $21,000.00 per month to "manage" various companies and the Oak Creek Trust. Plaintiffs received nothing of value for the thousands of dollars in purported fees paid to Retherford. BAS and RJR were at all times the day-to-day managers of Atlas. Retherford played no active role in the management of the business, but did control OC Holdings, the Oak Creek Trust and ATC.

9. On or about December 30, 2005, Retherford advised Atlas to pay a dividend to OC Holdings. Retherford at this time was the sole person able to write

checks for the Oak Creek Trust and ATC. As to OC Holding, BAS was at one time able to write checks, however, when she began to make inquiries about banking information, Retherford removed BAS from any authority to write checks or access banking information.

10. In the early part of 2006, Plaintiffs became concerned about the activities of Retherford. After numerous thwarted attempts to obtain financial information from Retherford, BAS went to Arvest Bank to inquire about the status of the $1,399,440.00 paid to OC Holdings. Although the bank officer expressed no objection to her inquires, he was unable to provide her with any detailed information because she was not an officer, director or shareholder of OC Holdings at this time. This was the first time that BAS found out that she was not an officer, director or shareholder of OC Holdings despite Retherford's representations to the contrary. Shortly after such meeting, BAS received a letter from Thomas R. Baker, purporting to be legal counsel to Oak Creek Holding, Inc., advising her to refrain from any contact with Arvest Bank and essentially advising her that she had no right to any financial information.

11. As part of the overall Plan, Retherford also recommended that Atlas set up an ESOP plan to purchase stock owned by the Plaintiffs. Retherford actively participated in the formation of the ESOP plan.

12. After spending hundreds of thousands of dollars on the ESOP plan, Retherford recommended that the ESOP stock be transferred since the ESOP plan was no longer going to work. Such advice resulted in the stock of Atlas being assigned to OC Holdings. Specifically, Retherford advised Raus to terminate ESOP plan due to the changes in the law resulting from the Enron case, although such statements were in fact

false. As a part of this transaction, Retherford, as Trustee of the Oak Creek Trust, signed promissory notes to Bud, BAS and RJR and/or the charitable remainder trust of BAS and RJS in exchange for stock of Atlas. The charitable remainder trusts are also defective. This transaction placed Retherford in control of Atlas as the then sole Trustee of the Oak Creek Trust. In addition, the Oak Creek Trust is in default on the note to Bud. Retherford represented that RJR would continue to be the owner of ATC.

13. The various transactions devised, recommended, and implemented by Retherford regarding the ESOP may well be prohibited transactions and are currently under investigation by the Department of Labor and the Internal Revenue Service. Such transactions expose Atlas, BAS and RJR to potential enormous penalties and other costs.

14. Retherford without the consent of Plaintiffs set up numerous other entities as part of his overall plan to effectively steal Atlas from Raus. In addition, Retherford forged the signatures of Plaintiffs on numerous occasions and engaged in numerous transactions on behalf of the multiple entities he set up all as part of his overall scheme to defraud the Plaintiffs and effectively take over Atlas.

15. On or about December 29, 2005, Retherford induced the Plaintiffs to transfer 315,000 shares of the common stock of Atlas Telephone Company owned by the Raus, represented by Certificates Nos. 217, 218 and 219 (the "*Stock*") to the ownership of Oak Creek Holdings, Inc.

16. Thereafter, on or about April 10, 2006, Retherford, purporting to act as President of Oak Creek Holdings, Inc., negotiated a loan from Arvest Bank in the face amount of $3,000,000.00 (the "*Commercial Loan*").

17. Retherford, purporting to act as President of OC Holdings, purported to pledge the Stock as security for the Commercial Loan.

18. None of the Plaintiffs received any proceeds or benefit from the Commercial Loan.

19. Retherford thereafter embezzled, dissipated and converted to his own use the proceeds of the Commercial Loan.

20. Retherford prior to and at the time of the execution of the Commercial Loan documents had no personal ownership in the pledged Atlas Stock, but acted as a fiduciary for the beneficial interest of the Plaintiffs.

21. In August 10, 2006, Plaintiffs filed a civil action in the District Court in and for Craig County, Oklahoma (the "*State Court*") in Case No. CJ-06-103 (the "*Civil Case*") wherein various claims for relief were asserted against Retherford and other defendants including but not limited to fraud, conversion and breach of fiduciary duty. Retherford, by and through his attorney of record, filed various counter-claims against the Plaintiffs in the Civil Case, some of which he listed as assets on Schedule B filed in this Bankruptcy Case. After approximately two (2) years of extensive discovery and vigorous litigation, the Civil Case was tried by a jury and verdict rendered in favor of the Plaintiffs against Retherford in the sum of $3,500,000.00. A journal entry of judgment was entered on November 3, 2008 (the "*Judgment*"). No appeal was ever filed and the Judgment constitutes a final order. The Judgment is a judgment in favor of the Plaintiffs on all of the counter-claims alleged in the Civil Case and reflected on Schedule B in this case by Retherford.

22.     As a result of the Commercial Loan, Raus rightful ownership of Atlas has been placed at risk of loss because Arvest has recently demanded payment in full of such loan.

23.     Moreover, as a direct result of the misrepresentations and wrongful actions of Retherford as detailed above, the value of Atlas has been seriously impaired to the point that such entity recently has or intends to file voluntary petition for relief under Chapter 11.

24.     After various post-judgment enforcement proceedings were conducted, Retherford filed this Chapter 7 bankruptcy case on April 8, 2009.  The deadline to file complaints objecting to discharge of the Debtor or to determine dischargeability of certain debts is July 6, 2009.  This Complaint is timely filed herein.

### First Claim for Relief

**ACTUAL FRAUD**
**11 U.S.C. §523(a)(2)(A)**

25.     Retherford obtained money from the Plaintiffs by use of false representations, false pretenses and actual fraud.

26.     The Judgment owed Plaintiffs should be excepted from discharge under § 523(a)(2)(A).

### Second Claim for Relief

**EMBEZZLEMENT**
**11 U.S.C. §523(a)(4)**

27.     Retherford misappropriated money belonging to Plaintiffs by creating the numerous legal entities, taking the $1,399,440.00 from Atlas as well as numerous other funds, including but not limited to the Commercial Loan and thereafter diverted portions

of the funds for improper purposes for his own use and benefit and to the detriment of the Plaintiffs. The Debtor wrongfully took such funds with the intent to defraud the Plaintiffs.

28. Retherford's fraudulent misappropriation of the Plaintiffs money constitutes embezzlement and therefore, the Judgment should be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

### Third Claim for Relief

**WILLFUL AND MALICIOUS INJURY
11 U.S.C. §523(a)(6)**

29. Retherford willfully and with the intention to cause harm to Plaintiffs took the Plaintiffs' money and otherwise inflicted serious economic damages to the Plaintiffs for his own use and benefit.

30. The damages to Plaintiffs caused by Retherford's willful and malicious injuries to the Plaintiffs are reflected in the Judgment and therefore, it should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

**WHEREFORE**, the Court should enter judgment for the Plaintiffs against the Defendant, Richard Louis Retherford, finding that the Judgment is excepted from any discharge entered herein and the costs of this action.

**MorrelSaffaCraige, P.C.**

   /s/Mark A. Craige
**Mark A. Craige,** OBA No. 1992
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
918.664.0800 Telephone Number
918.663.1383 Facsimile Number
e-mail address: mark@law-office.com

H:\MAC\aa\Atlas\Retherford Bkr\adv\pleadings\2009-06-30 adversary complaint.doc