UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Richard Louis Retherford, | ) | Case No. 09-10996-M |
|                Debtor, | ) | Chapter 7 |
| | ) | |
| Atlas Telephone Company, et al., | ) | |
| | ) | |
|                Plaintiffs, | ) | |
| v. | ) | Adversary No. 09-01059-M |
| | ) | |
| Richard Louis Retherford, | ) | |
|                Defendant. | ) | |

## ANSWER OF DEFENDANT RICHARD LOUIS RETHERFORD

COMES NOW the Defendant, Richard Louis Retherford, ("Defendant"), and for his Answer to the Adversary Complaint of the Plaintiffs states as follows, to-wit:

1. Defendant admits the allegations set forth in paragraphs 1, 2 and 24 of the Adversary Complaint.

2. With respect to the allegations set forth in paragraphs 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 18, 19, 22, 23, 25, 26, 27, 28, 29 and 30 of the Adversary Complaint, Defendant has insufficient knowledge to either admit or deny the same and therefore denies the same and requires strict proof thereof.

3. With respect to the allegations set forth in paragraph 8, Defendant admits that he was paid substantial sums of money in professional fees pursuant to a contract and the agreement of the Plaintiffs. Defendant denies the remaining allegations in paragraph 8.

4. With respect to the allegations set forth in paragraph 9, Defendant admits that from time to time he gave advice to Atlas with respect to various matters and had authority to

write checks for Oak Creek Trust and ATC. However, Defendant has insufficient knowledge to either admit or deny the remaining allegations in paragraph 9.

5. With respect to the allegations set forth in paragraph 15, Defendant admits that there was a transfer of shares of common stock of Atlas Telephone Company represented by the named certificates to the ownership of Oak Creek Holdings, Inc., but denies that he improperly induced such conduct by the Plaintiffs.

6. With respect to the allegations set forth in paragraph 16, Defendant admits that there was a loan from Arvest Bank and that he was involved in the negotiation of said loan. Defendant denies the remaining allegations set forth in paragraph 16.

7. With respect to the allegations set forth in paragraph 17, Defendant admits that in connection with the loan there was a pledge of stock as security for the loan, but denies the remaining allegations of paragraph 17.

8. With respect to the allegations set forth in paragraph 20, Defendant admits that he had no personal ownership in the Atlas pledged stock prior to and at the time of the Commercial Loan documents, but denies the remaining allegations of paragraph 20.

9. With respect to the allegations set forth in paragraph 21, Defendant admits that the Plaintiffs filed a civil action in District Court for Craig County as described in that paragraph, and that claims for relief were filed which were inclusive of the claims set forth herein. Defendant denies that a judgment was rendered against him for $3,500,000.00. Defendant admits that no appeal was ever filed but because the Plaintiffs failed to mail him a copy of the judgment and certify the mailing in District Court, his appeal time has not begun to run. Defendant denies the remaining allegations of paragraph 21.

## Affirmative Defenses

1. The Plaintiff, Atlas Telephone Company, Inc., is not the real party in interest herein.

2. The Adversary Complaint fails to state claims upon which relief can be granted.

3. The alleged claims and damages of the Plaintiffs, if any, are barred or otherwise limited pursuant to the applicable statute of limitations.

4. The Plaintiffs' alleged claims and damages, if any, are barred by the doctrine of collateral estoppel.

5. The Plaintiffs' alleged claims and damages, if any, were either as a result of their own actions or the omissions of third parties which conduct bars the Plaintiffs from recovery against the Defendant.

6. The Plaintiffs' alleged claims and damages, if any, were proximately caused by the negligence and/or fault of other parties and/or non-parties over whom Defendant had no right of control, which negligence and/or fault bars Plaintiffs' claims against the Defendant.

7. The Plaintiffs' alleged claims and damages, if any, are barred and reduced by their assumption of risk.

8. The Plaintiffs' alleged claims and damages, if any, were the result of an intervening or superseding cause over which the Defendant had no right of control.

9. The Plaintiffs' alleged claims and damages, if any, are barred or otherwise limited pursuant to the doctrine of unclean hands.

10. The Plaintiffs' alleged claims and damages, if any, are barred or otherwise limited pursuant to the doctrine of estoppel.

11.     The Defendant reserves the right to raise such further and additional defenses as may be available upon the facts to be developed through further investigation and discovery.

WHEREFORE, Defendant prays that the Plaintiffs take nothing by virtue of their claims and that Defendant be awarded his costs and fees and such other and further relief as may be equitable, premises considered.

Respectfully submitted,

s/ Kenneth M. Smith
Kenneth M. Smith
OK Bar Number: 8374
Attorney for Defendant
Riggs, Abney, Neal, Turpen, Orbison & Lewis
4554 South Harvard Avenue, Suite 200
Tulsa, Oklahoma 74135-2906
Telephone: (918) 587-3161

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically transmitted the Answer of Defendant Richard Louis Retherford to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark A. Craige
mark@law-office.com
Attorney for Plaintiffs

s/ Kenneth M. Smith
Kenneth M. Smith
OK Bar Number: 8374
Attorney for Defendant
Riggs, Abney, Neal, Turpen, Orbison & Lewis
4554 South Harvard Avenue, Suite 200
Tulsa, Oklahoma 74135-2906
Telephone: (918) 587-3161